```
___ FILED      ___ ENTERED
___ LODGED     ___ RECEIVED

      NOV 21 2006      LK

           AT SEATTLE
    CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                      DEPUTY
```

SEA 9177 Sum. Issu.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

MALAIKA BROOKS,

    Plaintiff,

vs.

THE CITY OF SEATTLE, a municipal corporation; THE SEATTLE POLICE DEPARTMENT, an agency of the City of Seattle; R. GIL KERLIKOWSKE, in his individual capacity as Chief of the Seattle Police Department; STEVEN L. DAMAN, in his individual capacity as an officer of the Seattle Police Department; DONALD M. JONES, in his individual capacity as an officer of the Seattle Police Department; and JUAN M. ORNELAS, in his individual capacity as an officer of the Seattle Police Department,

    Defendants.

CASE NO:

**C 06-1681**

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

**JURY TRIAL DEMANDED**

06-CV-01681-CMP

## I.   INTRODUCTION

1.1   This is an action for deprivation of civil rights under color of law, and for assault and battery and negligence. This action arises out of both federal and state law for damages resulting from the unlawful conduct of the City of Seattle, The Seattle Police Department, its Chief of Police and its officers, employees and/or agents which resulted in the use of excessive

COMPLAINT
Case No.

1

ERIC ZUBEL P.C.
A PROFESSIONAL LAW CORPORATION
1420 Fifth Avenue, Suite 2200
SEATTLE, WA 98101
TEL (206) 613-4433
FAX (206) 613-4436

force in connection with the arrest of the plaintiff for a misdemeanor violation.

## II.     JURISDICTION AND VENUE

2.1.   This Court has personal and subject matter jurisdiction over the plaintiff's civil rights claims under Title 42, United States Code, § 1983, Title 28 United States Code, § 1331 and 1334(a)(3).

2.2.   The acts and omissions complained of below occurred in King County, Washington and the defendant City of Seattle is a municipal corporation located in King County, Washington. The Seattle Police Department is an agency of the City of Seattle. Gil Kerlikowske is a resident and citizen of King County, Washington. The individual defendants are residents and citizens of King County, Washington.

2.3   Jurisdiction for the State law claims against all defendants is pursuant to the law of the State of Washington and is conferred upon this court by the doctrine of pendent and supplemental jurisdiction pursuant to 28 U.S.C. Section 1367.

2.4   At all times mentioned below, the plaintiff was and presently is a citizen of the State of Washington.

2.5.   Venue in this Court is lawful according to Title 28, United States Code, § 1391.

## III.    PARTIES

3.1.   The plaintiff, Malaika Brooks ("Brooks"), a single woman, is domiciled in the City of Seattle, Washington.

3.2.   The defendant City of Seattle ("City") is a municipal corporation organized pursuant to the law of the State of Washington and is sued in accordance with Title 42 United States Code, § 1983, and under state law. The Seattle Police Department ("Police Department") is an agency of the City of Seattle.

COMPLAINT
Case No.

2

ERIC ZUBEL P.C.
A PROFESSIONAL LAW CORPORATION
1420 Fifth Avenue, Suite 2200
SEATTLE, WA 98101
TEL (206) 613-4433
FAX (206) 613-4436

3.3     The defendant, R. Gil Kerlikowske, ("Kerlikowske") is, and was at all times relevant, the Chief of Police of the Seattle Police Department and is sued in his individual capacity.

3.4.    The individual defendant, Sergeant Steven L. Daman ("Daman") is, and was at all times relevant, an officer of the Seattle Police Department and is sued in his individual capacity as an agent and an employee of the Seattle Police Department.

3.5.    The individual defendant, Officer Donald M. Jones ("Jones"), is, and was at all times relevant, an officer of the Seattle Police Department and is sued in his individual capacity as an agent and an employee of the Seattle Police Department.

3.6.    The individual defendant, Officer Juan M. Ornelas ("Ornelas"), is, and was at all times relevant, an officer of the Seattle Police Department and is sued in his individual capacity as an agent and an employee of the Seattle Police Department.

### IV.     FACTUAL ALLEGATIONS

4.1.    On or about November 23, 2004, at approximately 8:30 a.m., Brooks was driving her automobile north along Beacon Avenue South in the City of Seattle in the company of her son, Jahrod, born October 24, 1993. Brooks was driving her son to school. Jahrod was, and presently is, a student at the African American Academy located on Beacon Avenue South.

4.2     Brooks was lawfully operating her automobile according to the posted speed limit of 20 miles per hour. As she approached the school zone, Brooks noticed a Seattle police officer crouched in front of a Seattle police cruiser parked on the right side of the street near the crosswalk at the school zone. Ahead of her Brooks observed a black Honda automobile which appeared to be exceeding the speed limit pass by the police officer and disappear into traffic. She then observed the officer stand up and point an object at her while at the same time

COMPLAINT
Case No.

3

ERIC ZUBEL P.C.
A PROFESSIONAL LAW CORPORATION
1420 Fifth Avenue, Suite 2200
SEATTLE, WA 98101
TEL (206) 613-4433
FAX (206) 613-4436

1   motioning her to pull over.

2       4.3.    Brooks complied and brought her car to a stop next to the curb. The police
3   officer, later identified as Juan Ornelas, inquired of Brooks if she was aware of the reason why
4   she was being stopped. Brooks replied in the negative. Ornelas then informed her that she was
5   speeding in a school zone. Brooks informed Ornelas that she was not speeding and inquired of
6   him if he was aware of the fact that the black Honda appeared to be speeding. Ornelas then
7   asked for Brooks' driver's license which she gave him immediately. Brooks then instructed her
8   son, Jahrod, to get out of the automobile and proceed to school.

9       4.4.    Ornelas then informed Brooks that she was being cited for speeding. Ornelas
10  then presented Brooks with a traffic citation and requested that she sign it. Brooks declined to
11  so because she believed that to do would be an admission of guilt. Ornelas then walked away.
12  A second police officer then approached her car, later identified as Donald M. Jones, who
13  asked her if she would sign the ticket. Brooks informed Jones that she would not sign the ticket
14  because it was her belief that she was not speeding and that to do so would be an admission of
15  guilt. Jones responded by displaying a radar gun indicating a speed of 35 miles per hour, to
16  which Brooks replied that she believed the radar gun was displaying the speed of the black
17  Honda, not her car.

18      4.5.    Jones then inquired of Brooks, in a degrading and derogatory tone, if she could
19  read, and stated to her that by signing the ticket she was not admitting guilt. Brooks replied that she
20  would accept the ticket, but declined to sign it because she was not speeding. Jones then stated
21  that the law required her to sign the ticket. Brooks disagreed, stating that was not her
22  understanding of the law, at which point Jones stated that he would call his sergeant.

23      4.6.    Brooks remained seated behind the wheel of her car for a few for minutes before

COMPLAINT
Case No.

4

ERIC ZUBEL P.C.
A PROFESSIONAL LAW CORPORATION
1420 Fifth Avenue, Suite 2200
SEATTLE, WA 98101
TEL (206) 613-4433
FAX (206) 613-4436

Sergeant Daman appeared and inquired of Brooks as to whether she would sign the ticket. When Brooks declined to do so, Daman instructed Jones and Ornelas to *"book her."* Ornelas then told Brooks to get out of her car. Brooks asked Jones why she was being asked to get out of her car. Jones then displayed what appeared to be a black object and asked Brooks if she was aware of what he was holding and what it could do to her. Brooks replied in the negative and informed Jones that she was pregnant and needed to use a restroom. Jones responded by inquiring of Brooks, *"[H]ow pregnant are you?"* Brooks responded that her child was due in less than 60 days.

4.7. Jones and Ornelas then positioned themselves next to the driver's side of Brooks' car and while in her presence and within her hearing, discussed whether they should "Taser" her in her thigh or in her stomach. They decided to Taser her thigh. At this time, Brooks was totally unfamiliar with the Taser device and other than to hear a crackling sound while it was being held by Jones, she had no understanding of the purpose of the device or the manner in which it operated, or that it was designed to produce a painful and disabling electrical shock when placed against the human body.

4.8. Ornelas then opened the driver's side door of the automobile and forcibly twisted Brooks' left arm behind her back while at the same time Officer Jones squeezed around Officer Ornelas and administered a Taser shock to Brooks' left thigh. Frightened and in pain, from the electrical shock, Brooks immediately began to scream for help, while at the same time blowing her car horn. Jones immediately administered a second Taser shock to her left arm near the shoulder, and she stopped blowing the horn. Two or three seconds later, Jones administered a third Taser shock to the left side of Brooks' neck and she fell over to the right, unable to move.

COMPLAINT
Case No.

ERIC ZUBEL P.C.
A PROFESSIONAL LAW CORPORATION
1420 Fifth Avenue, Suite 2200
SEATTLE, WA 98101
TEL. (206) 613-4433
FAX (206) 613-4436

4.9. Ornelas and Jones then removed Brooks' from her automobile while Ornelas still continued to twist her left arm behind her back while dragging her out of her car into the street. Both officers placed their bodies on top of Brooks while she was lying face down in the middle of the street as she was being handcuffed by Ornelas. Terrified and frightened, Brooks asked the officers to please get off of her because she was in pain and concerned for the safety of her unborn child.

4.10. After handcuffing Brooks, Ornelas slowly brought her to her feet, as she was unable to stand on her own. He then transported her in a Seattle police cruiser to the South Precinct where she was then examined by Seattle Fire Department medics who determined that she was pregnant. She was then photographed by Sergeant Daman and transported to Harbor View Hospital where she was treated for her injuries. Brooks was examined further to determine if there existed any evidence of injury or stress to her unborn child. She was then transported to the King County Jail and incarcerated on charges of failure to obey a police officer and resisting arrest.

4.11 Brooks was tried on the charge of resisting arrest before the Municipal Court of the City of Seattle on May 4, 2005. The charge was dismissed on May 18, 2005.

4.12 A claim for damages was served and presented to the Clerk of the City of Seattle on December 13, 2005 as required by state law. More than 60 days has elapsed since the presentation of the claim and the City has failed to take any action.

4.13 In addition to the medical care and treatment which Brooks received on the day of her arrest, she has continued to seek medical care and treatment for the scarring and disfigurement caused by the application of the taser to her body.

////

COMPLAINT
Case No.

6

ERIC ZUBEL P.C.
A PROFESSIONAL LAW CORPORATION
1420 Fifth Avenue, Suite 2200
SEATTLE, WA 98101
TEL (206) 613-4433
FAX (206) 613-4436

## V.    FIRST CLAIM FOR RELIEF
### (Against R. Gil Kerlikowske in his Individual Capacity as Seattle Chief of Police for Violations of Civil Rights Under 42 U.S.C. § 1983)

5.1.    Plaintiff incorporates herein by this reference 1.1 through 4.13 above.

5.2.    The individual defendant, Kerlikowske, in his capacity as Chief of the Seattle Police Department is responsible for the promulgation, implementation and enforcement of the policies and procedures of the Seattle Police Department.

5.3.    Acting in his individual capacity as Chief of the Seattle Police Department, Kerlikowske is also responsible for the training and supervision of the individual defendants and officers of the Department. Acting under color of law, and in his capacity as Chief of Police, Kerlikowske failed to adequately supervise and train Seattle police officers in the proper use of non-lethal force in misdemeanor arrests by permitting and condoning the improper use of the M-26 Taser.

5.4.    Kerlikowske has and continues to be reckless and indifferent by allowing the use of excessive force in permitting and condoning the improper use of the Taser by police officers to make an arrest. Kerlikowske has thus adopted, implemented, tolerated, and condoned policies which permitted, facilitated and allowed the violation of Brooks' civil rights and by his negligence, recklessness and indifference set in motion the series of events which culminated in the use of excessive force against Brooks by the arresting officers Daman, Jones and Ornelas, foreseeably resulting in the damages she has suffered as more fully set forth below.

## VI.    SECOND CLAIM FOR RELIEF
### (Against the individual police officers Daman, Jones and Ornelas for Violations of Civil Rights Under 42 U.S.C. § 1983)

6.1.    Plaintiff incorporates herein by this reference 1.1 through 5.4 above.

COMPLAINT
Case No.
7

ERIC ZUBEL P.C.
A PROFESSIONAL LAW CORPORATION
1420 Fifth Avenue, Suite 2200
SEATTLE, WA 98101
TEL (206) 613-4433
FAX (206) 613-4436

6.2. The defendant police officers, Daman, Jones and Ornelas, and each of them, acting in their individual capacities as officers of the Seattle Police Department and under color of law, acted wantonly and oppressively by repeatedly applied the Taser to the body of Brooks and her unborn child while making a misdemeanor arrest under circumstances where she was not resisting arrest, posed no threat of harm to them or others, nor displayed any intention to flee the scene of this traffic stop. This unnecessary and unwarranted use of non-lethal force was an unlawful and excessive use of force to make an arrest in violation of Brooks' rights under the laws of the United States, the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

6.3. The acts of these individual Seattle police officers also violated the policies and procedures of the Seattle Police Department governing the use of non-lethal force to make a misdemeanor arrest.

6.4. As a direct and proximate result of these willful, wanton and oppressive acts, the individual police officers, Daman, Jones and Ornelas are liable to Brooks for the damages she suffered as more fully described below.

## VII. THIRD CLAIM FOR RELIEF
(Against the City of Seattle and the Seattle Police Department for Violations of Civil Rights Under 42 U.S.C. § 1983)

7.1. Plaintiff incorporates by this reference paragraphs 1.1 through 6.4 above.

7.2. The City is a political subdivision in the State of Washington and a "person" for the purposes of 42 U.S.C. § 1983 and § 1988.

7.3. Brooks had a federally-protected interest in life and liberty, including freedom from unlawful and excessive use of police force. These rights arise under the First, Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States.

COMPLAINT
Case No.

8

ERIC ZUBEL P.C.
A PROFESSIONAL LAW CORPORATION
1420 Fifth Avenue, Suite 2200
SEATTLE, WA 98101
TEL (206) 613-4433
FAX (206) 613-4436

7.4.    The failure of the defendant City and its Police Department to provide proper training and supervision regarding the lawful use of force to effectuate the arrest of Brooks is a reckless disregard and/or a deliberate indifference to her safety and that of her unborn child.

7.5.    The Police Department is liable under 42 U.S.C. § 1983 for such deliberate indifference and the failure to adopt appropriate policies and training to discourage and prevent the unlawful and excessive use of non-lethal force by its police officers.

7.6.    The improper use of a Taser device by the Police Department is reckless and indifferent to the safety of persons subject to arrest.  Alternatively, the defendant City, acting through its Police Department, failed to properly train and supervise its police officers in the proper use of a Taser device to secure an arrest given its inherent dangerous characteristics and capacity to cause severe injury and death to a human being.  The failure of the City and the Police Department to adopt and implement appropriate policies, rules and regulations governing the use of the Taser device, amounts to a reckless disregard and/or a deliberate indifference to the safety of arrested persons, the effect of which deprived Brooks of her right to be free from the use of excessive force upon her person, in violation of her civil rights under the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C Section 1983.

### VIII.    FOURTH CLAIM FOR RELIEF
(Negligence as Against the City of Seattle and the
Seattle Police Department Under State Law)

8.1.    Plaintiff incorporates by this reference paragraphs 1.1 through 7.6 above.

8.2    At all times mentioned herein, these defendants were subject to a duty of care under state law allowing and causing unnecessary and excessive physical harm and distress to citizens in the exercise of the police function.  The conduct of these defendants as set forth

COMPLAINT
Case No.

9

ERIC ZUBEL P.C.
A PROFESSIONAL LAW CORPORATION
1420 Fifth Avenue, Suite 2200
SEATTLE, WA 98101
TEL (206) 613-4433
FAX (206) 613-4436

1 herein did not comply with the standard of care to be exercised by reasonable police officers,

2 thus, these defendants, and each of them, breached their duty of care.

3     8.3    As a direct and proximate result of the negligence of these defendants the

4 plaintiff Brooks has been damaged as more fully described below.

### IX. FIFTH CLAIM FOR RELIEF
(Negligent Supervision and Training as Against the City of Seattle and
The Seattle Police Department Under State Law)

7     9.1    Plaintiff incorporates by this reference paragraphs 1.1 through 8.3 above.

8     9.2    Upon information and belief, defendants City of Seattle and the Seattle Police

9 Department had prior notice of the inherent dangers of using the Taser in the performance of

10 the police function.

11     9.3    The City of Seattle and the Seattle Police Department have a mandatory duty to

12 properly and adequately train and supervise officers and personnel under their control so as to

13 avoid unreasonable risk of harm to citizens.

14     9.4    The City of Seattle and the Seattle Police Department breached their duty of care

15 to citizens in that it failed to adequately train and supervise their officers by having inadequate

16 training and supervisory procedures regarding the use of Tasers and the use of deadly and non-

17 deadly force to apprehend suspects.

18     9.5    As a direct and proximate result of the negligence of these defendants the

19 plaintiff Brooks has been damaged as more fully described below.

### SIXTH CLAIM FOR RELIEF
(For Assault and Battery Against Daman, Jones and Ornelas
in Their Individual Capacities Under State Law)

22     10.1    Plaintiff incorporates by this reference paragraphs 1.1 through 9.5 above.

23     10.2    The individual police officers, Daman, Jones and Ornelas, willfully, wantonly,

COMPLAINT
Case No.

10

ERIC ZUBEL P.C.
A PROFESSIONAL LAW CORPORATION
1420 Fifth Avenue, Suite 2200
SEATTLE, WA 98101
TEL (206) 613-4433
FAX (206) 613-4436

and oppressively, without justification or privilege, repeatedly assaulted and battered Brooks and her unborn child by repeatedly administering the Taser to her body while placing her under arrest.

10.3   As a direct and proximate result of this unjustified use of excessive force, Brooks has suffered damages as more fully described below.

## XI.   DAMAGES

11.1   Plaintiff incorporates by this reference paragraphs 1.1 through 10.3 above.

11.2   As a direct and proximate result of the acts and omissions of the defendants, and each of them, as more fully described above, Brooks has suffered damages for deprivation of her civil rights and for mental and physical pain and suffering, disfigurement, scarring, humiliation, and loss of the enjoyment of life in an amount to be proved at trial.

11.3   The repeated use of the Taser device on Brooks by Jones, with the active assistance of Ornelas and at the direction of Daman, was extreme and outrageous and exceeded all bounds of decency in a civilized society, thereby entitling Brooks to damages for intentional infliction of emotional distress and outrage in an amount to be proved at trial.

11.4   The acts of the individual police officers, Daman, Jones and Ornelas, as herein alleged were willful and malicious and done with the intent to harm, injure and oppress Brooks who is entitled to punitive damages against each of them in a sum sufficient to deter such future conduct and in an amount to be proved at trial.

## XII.   JURY DEMAND

12.1.   Brooks demands a jury trial.

## XIII.   ATTORNEY'S FEES

13.1.   Brooks is entitled to an award of attorney's fees according to 42 U.S.C. § 1988

COMPLAINT
Case No.

11

ERIC ZUBEL P.C.
A PROFESSIONAL LAW CORPORATION
1420 Fifth Avenue, Suite 2200
SEATTLE, WA 98101
TEL (206) 613-4433
FAX (206) 613-4436

and other applicable state law.

## XV.  PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as follows:

**As to the Federal Claims:**

1. For compensatory damages in an amount to be proved at trial;
2. For punitive damages against the individually named officers, Daman, Jones and Ornelas;
3. For special damages;
4. For reasonable attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988;
5. For costs of suit incurred herein; and
6. For such other and further relief as this Court deems just and proper.

**As to the State Claims:**

1. For compensatory damages in an amount to be proved at trial;
2. For general damages in an amount to be proved at trial;
3. For special damages;
4. For an award of reasonable attorney's fees;
5. For cost of suit incurred herein; and
6. For such other and further relief as the Court deems just and proper.

DATED this 21st day of November, 2006

ERIC ZUBEL, P. C

By _____
Eric Zubel, ESQ., WSBA # 33961
Attorney for Plaintiff

COMPLAINT
Case No.

12

ERIC ZUBEL P.C.
A PROFESSIONAL LAW CORPORATION
1420 Fifth Avenue, Suite 2200
SEATTLE, WA 98101
TEL (206) 613-4433
FAX (206) 613-4436