UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MALAIKA BROOKS,

          Plaintiff,

    v.

CITY OF SEATTLE, et al.,

          Defendants.

CASE NO. C06-1681RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on the motion (Dkt. # 198) of Plaintiff Malaika Brooks to modify the pretrial schedule and to extend the deadline for providing expert testimony. Neither Ms. Brooks nor any Defendant has requested oral argument. Having considered Ms. Brooks' motion and the documents the parties submitted in support and in opposition, the court GRANTS in part and DENIES in part the motion as stated at the conclusion of this order.

## II. DISCUSSION

The completion of discovery in this case has devolved into a morass which the court has addressed in three orders entered from February 25, 2008 to March 24, 2008 (Dkt. ## 173, 183, 191). The second of those orders, entered March 13, 2008, imposed an April 11, 2008 deadline for dispositive motions, and a July 7, 2008 trial date.

ORDER – 1

Ms. Brooks now seeks relief from that schedule. She requests (1) a May 4 date for filing expert disclosures, (2) a May 11 deadline for filing dispositive motions, (3) more time to respond to Defendants' March 26 motion for summary judgment, and (4) deadlines for motions in limine, the pretrial order, trial briefs, and other pretrial filings.

**A.     Expert Disclosures**

The court originally set October 11, 2007 as the date for "[d]isclosure of expert testimony under FRCP 26(a)(2)." (Dkt. # 17). Ms. Brooks sought relief from that deadline on October 9, 2007, asking the court to impose a November 27, 2007 deadline. (Dkt. # 70). After the parties repeatedly delayed a hearing on Ms. Brooks' motion, the court heard argument on the parties' discovery dispute on November 20, 2007.[1] In the minute entry memorializing the hearing, the court struck the October 11 expert disclosure deadline and stated that it would "reset the deadline after the parties' discovery disputes are resolved." (Dkt. # 59).

So far as the record reveals, neither Ms. Brooks nor the Defendants considered the deadline for expert disclosures again until Ms. Brooks filed the instant motion on April 3. For example, when the court entered an order (Dkt. # 173) on February 25, 2008 that resolved all pending discovery motions, imposed a schedule for specific discovery tasks, and barred other discovery, no party requested leave to submit expert disclosures. Indeed, both parties moved to reconsider the February 25 order, and neither party mentioned expert discovery. Ms. Brooks filed an eight-page motion for reconsideration on March 11 in which she did not raise any issue regarding expert discovery.

On March 13, 2008, the court set an April 11 deadline for filing dispositive motions and a July 7 trial date. (Dkt. # 183). The court imposed no deadline for expert

---

[1] Prior to November 30, 2007, the Honorable James L. Robart presided over this action.

ORDER – 2

disclosures, because, as noted above, no party had raised the issue. The parties were aware, or should have been, that expert testimony is expected to conclude before fact discovery, and certainly before filing dispositive motions. Nonetheless, the court's March 13 order setting an April 11 dispositive motion deadline did not lead to a request from either party for more time to produce expert disclosures.

By default, Fed. R. Civ. P. 26(a)(2)(C)(i) requires expert disclosures "at least 90 days before the date set for trial," unless otherwise ordered by the court. When the court set trial for July 7, expert disclosures were due 90 days earlier, on April 8, 2008. Ms. Brooks suggests that she could not have produced disclosures by that date because of the court's prior order permitting only limited discovery. Ms. Brooks does not acknowledge that between November 20, 2007 and April 3, 2008, she made no request to the court to be allowed to pursue expert discovery, nor does she acknowledge that no order of the court prevented her from consulting with experts and developing expert testimony.

Nonetheless, Ms. Brooks now seeks a May 4 deadline for providing expert disclosures, a deadline that would necessarily delay dispositive motions and trial by several months. Her request might have succeeded if she had identified particular expert testimony on which she wishes to rely, in addition to an explanation of why she was unable to provide the testimony earlier. Ms. Brooks provides neither an identification of expert testimony on which she wishes to rely, nor justification for her delay in disclosing the testimony. She instead requests the following broad and amorphous opportunity to disclose expert testimony:

> [P]laintiff should be given an opportunity to file expert reports and writing addressing police practices, taser training and supervision, and the policies and procedures of the City with respect to the supervision, training and discipline of police officers, and its practices concerning review of citizens' complaints of misconduct of Seattle police officers processed by the OPA, OPAA, and reviewed by the OPARB.

ORDER – 3

Pltf.'s Mot. at 5.  Put more succinctly, she asks for an opportunity to file expert reports on virtually any topic relevant to her claims against the City, and some topics which appear to have no relevance to her claims.  In her motion, Ms. Brooks provided no detail regarding the expert testimony she wished to introduce.  She did not name any expert, or provide any evidence that she has chosen any expert witness.  She did not identify a specific topic on which she wanted to introduce expert testimony.  She did not point to any specific prejudice that would accrue to her if she could not introduce expert testimony.

The only justification Ms. Brooks offers for her broad request is that she did not expect to obtain transcripts from the depositions of four witnesses until early April.  She offers no explanation of how the lack of transcripts prevented her from filing adequate expert disclosures.  *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (denying motion for continuance based on late depositions where party failed to "refer to any specific fact in these depositions or explain why the information contained in them" raised a new need for discovery).  She offers no explanation for why she did not timely offer expert witness disclosures along with a request to supplement those disclosures after the completion of late discovery.  Although she suggests that she needs expert testimony, in part, to respond to a pending summary judgment motion, she offers no detail about what assertions in the motion require expert testimony to oppose.

In addition, Ms. Brooks asks to "supplement" the record with an "expert report from a medical professional addressing her personal injuries."  Pltf.'s Mot. at 5.  Ms. Brooks was injured in 2004.  Her personal injuries have been a focus of this suit from the outset.  Her motion is devoid of any reason that she could not have completed all expert medical testimony much sooner.

ORDER – 4

Under these circumstances, the court declines to provide additional time for Ms. Brooks to provide expert disclosures. This ruling is without prejudice, however, to a proper request under Fed. R. Civ. P. 56(f) to obtain expert testimony necessary to oppose Defendants' summary judgment motions. The court emphasizes, however, that Rule 56(f) requires a party to give "specified reasons [that] it cannot present facts essential to justify its opposition" to a summary judgment motion. *See Tatum*, 441 F.3d at 1100 ("A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."). On the record before the court, Ms. Brooks has not approached the showing that Rule 56(f) requires. If she seeks relief under Rule 56(f), she must provide a declaration from the expert witness(es) on which she purports to rely identifying the subjects of his or her testimony, she must specifically point out why such testimony is necessary to oppose the summary judgment motion, and she must specifically explain why she was unable to disclose the proposed expert discovery sooner.[2] *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001) ("[W]e will only find that the district court abused its discretion if the movant diligently pursued its previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment.") (citation omitted).

---

[2] The documents that Ms. Brooks filed on April 14, 2008 fall short of this standard. In the documents, she contends that Defendants' summary judgment motions rely on expert testimony regarding the discharge of the taser that the police officer Defendants used on her. It is not apparent whether she wishes to provide rebuttal expert testimony, or instead to strike the purported defense expert's testimony for failure to comply with Fed. R. Civ. P. 26. There is no evidence regarding when the substance of the purported defense expert's testimony was provided to her. There is no evidence as to why she could not have designated a rebuttal expert much sooner. *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56(f) motion."). These observations are without prejudice to Ms. Brooks timely amending her Rule 56(f) request.

ORDER – 5

### B. Remaining Requests

Ms. Brooks seeks additional time to respond to Defendants' pending summary judgment motion. For the reasons discussed above, there is no reason to grant the request. Since Ms. Brooks filed her motion, however, Defendants have filed an additional motion for summary judgment. The court will consider those motions simultaneously. For that reason, the court renotes the first of those motions (Dkt. # 192) for May 2, 2008. Local Rules W.D. Wash. CR 7(d)(3) will govern the timing of Ms. Brooks' oppositions to both motions.[3]

Ms. Brooks seeks additional time to file summary judgment motions. As with her other requests, she offers no explanation of why she needs additional time. She also does not state that she wishes to file a summary judgment motion or what topics the motion would address. The court denies her request.

Finally, Ms. Brooks requests that the court impose deadlines for pretrial filings. The court will do so at the conclusion of this order.

//
//
//
//
//
//
//
//

---

[3] On April 14, Ms. Brooks filed an opposition to the first of Defendants' summary judgment motions. At her option, she may either rely on this opposition, or file a superseding opposition in accordance with the briefing schedule provided in Local Rules W.D. Wash. CR 7(d)(3).

ORDER – 6

### III.   CONCLUSION

For the reasons stated above, the court GRANTS Ms. Brooks' motion (Dkt. # 198) in part, and DENIES it in part. The court RENOTES Defendants' first motion for summary judgment (Dkt. # 192) for May 2, 2008. The court imposes the following pretrial schedule:

| | |
|---|---|
| All motions in limine must be filed by (and noted on the motion calendar seven judicial days thereafter pursuant to CR 7(d)(2)) | June 13, 2008 |
| Agreed Pretrial Order due | June 25, 2008 |
| Pretrial conference | June 26, 2008 at 3:30 p.m. |
| Trial briefs, jury instructions, and voir dire due | July 1, 2008 |
| Length of Trial | 5 days |

Dated this 16th day of April, 2008.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7